AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA

v.

_____Derrick Divan_____ (Defendant)

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-72-JJF

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed  that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
    for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
  (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
AUG 3 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  _____clear and convincing evidence_____  a preponderance of the evidence: As a result of a preliminary hearing probable cause was found. The detailed affidavit in support of the criminal complaint, the surveillance photos, the photo spread, testimony of the Secret Service agent, Sean Sein is substantial evidence to support defendant's significant significant involvement in the offense of bank fraud. Further, there were two additional identifications of the defendant. The court's review of ex 2, the surveillance photos confirms that defendant is the individual involved in the fraudulent conduct (the court was able to perform a comparison of defendant in the courtroom to those pictures). The bases for detention is as follows:

1. Defendant's extensive criminal history mostly for fraud crimes such as theft and forgery. 1997 convicted of attempted theft. VOP in March 1998 1997 convicted of forgery (2 counts), VOP March 1998 and probation was revoked. When defendant was discharged from probation in 2002, restitution was still owed and does not appear any attempt has been made to pay. This case involved an offense against a friend of theft of checks and then cashing them. November 1997, possession or distribution of marijuana within 300 feet of a park, possession of drug paraphernalia, underage consumption of alcohol and endangering the welfare of a child. VOP in March 1998 which resulted in revocation of probation. A subpeona was issued for contempt hearing for failure to pay assessment in January 2006 and a warrant was issued shortly thereafter for failure to appear. Defendant cannot claim that he did not receive notice of the hearing since it was sent to the address that he claims he has been living at for the past 4 years. Within the past 3 years defendant has over 6 failure to appears on various courts for different offenses. After his arrest for the federal offense, his mother took on defendant's responsibility and paid a number of his fines and to resolve the failures to appear. Defendant failed to resolve any of these matters.

2. Defendant at best has a sporadic work history and has periods of extensive unemployment. Shortly before his arrest, he just obtained a job with Ikea.

3. After his arrest, defendant tested positive for cocaine and MJ.

As a result, there are no conditions or combination thereof that will reasonable as[

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

August 3, 2006
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).