
*[handwritten: in open court this 19th day of October, 2006. dk]*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff, | )<br>)<br>) |
| v. | )    Criminal Action No. 06-72-JJF |
| | ) |
| DERRICK DIXON,<br>　　　　　Defendant. | )<br>) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, Derrick Dixon, by and through his attorney, Christopher S. Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1.　The Defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment. Count One charges bank fraud, in violation of 18 U.S.C. Section 1344 & 2, and carries a maximum sentence of a term of imprisonment of thirty years, a fine of $1,000,000, or both, five years supervised release, $100 special assessment, and restitution. The Defendant admits that he is in fact guilty of the charge. The Defendant understands the amount of restitution to be $57,400 in relation to Count One (victim: PNC Bank). The Defendant further understands, and agrees, that he could be ordered to make restitution in relation to the victim of Count Seven (Commerce Bank). The parties further agree that in relation to Commerce Bank, the amount of restitution for which the Defendant should be held responsible, and which the Court could order, is $7,569.38.

2.　The United States agrees to move to dismiss the remaining charges of the Indictment at the time of sentencing.



FILED
OCT 19 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3. The Defendant understands that the elements of the offense to which he is pleading guilty are, for Count One:

    A. The Defendant knowingly participated in a scheme and artifice to defraud PNC Bank;

    B. That PNC Bank had deposits which were insured by the Federal Deposit Insurance Corp.; and

    C. That the Defendant executed the scheme on February 12, 2006, by depositing a forged check into a PNC customer's account, and then withdrawing $700 from that account by using an ATM machine.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The United States represents to the defendant that it believes that the offense level should be 15 (base offense level of 7, and an increase of 8 because the loss is greater than $70,000, to wit, $57,400 (PNC Bank) + $18,652.18 (Commerce Bank)). The Defendant agrees that the losses to Commerce Bank for which the United States can prove he is responsible are relevant conduct within the meaning of the Sentencing Guidelines. Based on the timely acceptance of this plea agreement, and provided that the Defendant does not act in a manner inconsistent with acceptance of responsibility subsequent to the acceptance of this agreement, the United States agrees that a two-level reduction for acceptance of responsibility is appropriate. (Should the offense level be determined to be 16 or greater, the United States will move for reduction of a third level for acceptance of responsibility, provided that the Defendant does not act inconsistently with acceptance of responsibility

after the date of this agreement.). The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

5. The United States will recommend that the Court sentence the Defendant at the minimum of the guideline range determined to be applicable to his offense. The Defendant understands that the Court is not bound to follow that recommendation, and that if the Court sentences him to more than the United States recommends, that he will not be allowed to withdraw his guilty plea.

6. The Defendant agrees to pay the $100 special assessment the day of sentencing.

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Christopher S. Koyste, Esquire
Attorney for Defendant

_____
Derrick Dixon
Defendant

COLM F. CONNOLLY
UNITED STATES ATTORNEY

By: _____
for Richard G. Andrews
First Assistant United States Attorney

Dated: 9-29-06

AND NOW, this __19__ day of __October__, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE JOSEPH J. FARNAN, JR.
United States District Judge