PROB 12
(Rev 02/94)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Criminal Action No. 1:06-CR-072-001-JJF |
| | ) |
| Derrick Dixon | ) |
| | ) |
| Defendant. | ) |

## Petition on Probation and Supervised Release

COMES NOW Craig H. Carpenter Probation Officer of the Court presenting an official report upon the conduct and attitude of Derrick Dixon, who was placed on supervision by the Honorable Joseph J. Farnan, Jr., sitting in the court at Wilmington, Delaware on the 6th day of March, 2008 who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a drug treatment program, which may include urine testing.
2. The defendant shall participate in a vocational program and/or the Workforce Development Program.
3. The defendant shall participate in a mental health program at the direction of the probation officer.
4. The defendant shall be place in home confinement with electronic monitoring for a term of sixty (60) days within thirty (30) days of sentencing. The defendant shall abide by the rules of the home confinement program, which will be given to the defendant by the supervising probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

**Please see Attached**

.

**PRAYING THAT THE COURT WILL** ...a warrant for the arrest of Derrick Dixon, so he can be brought before the Court on charges he has violated the terms and conditions of his federal supervised release.

### ORDER OF COURT

So ordered this  10  day
of  June  2008.

_____
U.S. District Court Judge

I declare under penalty of perjury the foregoing is true and correct,

_____
Senior U.S. Probation Officer

Executed on   June 6, 2008

Place         Wilmington, Delaware

**Evidence:** On the morning of June 4, 2008, the defendant was instructed to report to the U.S. Probation Office on June 4th, at 3:00 p.m., to bring in the Home Confinement electronic monitoring transmitter (anklet #9438993) and the Home Confinement monitoring unit (#HGR712777). The defendant failed to report as directed. He has not contacted the probation officer to explain his absence.

**Special Condition**: The defendant shall participate in a mental health program, as directed by the probation officer.

**Evidence:** On May 23, 2008, the defendant was referred to Dr. Alvin Turner, psychologist, for mental health counseling. On June 2, 2008, at 12:15 p.m., the defendant missed a scheduled counseling session. He did not call to explain his absence nor has the defendant called to reschedule an appointment.

**Special Condition:** The defendant shall be placed in home confinement with electronic monitoring for a term of sixty (60) days, to start within thirty (30) days of sentencing. The defendant shall abide by the rules of the home confinement program, which will be given to the defendant by the supervising officer.

**Evidence:** The defendant began home confinement with electronic monitoring late, because he did not appear at the residence where the initial installation was to take place. The monitoring equipment was installed on April 17, 2008, to begin home confinement. Home confinement is scheduled to end June 17, 2008.

The defendant has failed to comply with the rules of the home confinement program. Rules of the home confinement require the defendant to remain at his residence, except for activities approved in advance by the probation officer. Since June 4, 2008, the defendant's whereabouts and the whereabouts of the home confinement transmitter are unknown. The home confinement unit has been recovered. The probation officer can not locate the defendant, because he has absconded from supervision. The defendant was explained the rules of the home confinement program; and, he has signed the Home Confinement Program participant agreement.